UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALBERT A. NIGRO,

                            Plaintiff,

v.                                          **DECISION AND ORDER**
                                                  10-CV-1037S

MERCANTILE ADJUSTMENT BUREAU, LLC,

                            Defendant.

## I. INTRODUCTION

Plaintiff commenced this action seeking actual and statutory damages for Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*. Presently before the Court is Defendant's motion for summary judgment.[1] The Court finds the matter fully briefed and oral argument unnecessary. For the reasons that follow, Defendant's motion is granted and the complaint is dismissed.

## II. BACKGROUND

The following facts are undisputed by the parties unless otherwise specified. (See Def's St. of Undisputed Facts, Docket No. 24; Pl's Resp. to Def's Facts, Docket No. 26.)

---

[1] In support of its motion (Docket No. 24), Defendant submitted a Statement of Undisputed Facts, a supporting Memorandum of Law, and the Attorney Affirmation of Justin H. Homes, Esq., with Exhibits A-D. Plaintiff opposed the motion (Docket No. 26) with a Response to Defendant's Statement of Undisputed Facts, an Appendix with Exhibits A-D, and an opposing Memorandum of Law. Defendant filed a reply Memorandum of Law (Docket No. 27).
    The Court then granted Plaintiff's request to file additional authority (Docket Nos. 28-29) to which Defendant filed a reply (Docket No. 30). Defendant then also moved for, and was granted, leave to also file additional authority (Docket Nos. 31-32), to which Plaintiff filed a reply (Docket No. 33). The Court has considered all submissions in reaching its decision.

In September 2008, Plaintiff contacted National Grid to discontinue electrical service for the residence of his mother-in-law, Joan Thomas, who had recently passed away. Defendant asserts that, at that time, Plaintiff "voluntarily gave National Grid his name and his [cell phone number] as a point of contact on the Joan Thomas account." (Def's St. of Undisputed Facts ¶ 6.) Plaintiff responds that he gave his cell phone number because this was "the condition imposed upon him" by National Grid to "effectuate disconnection of electrical service." (Pl's Resp. to Def's Facts ¶ 6) He states that he did not give his number "for any other purpose other than to shut off Ms. Thomas' electric service to the apartment." (Decl. of Albert Nigro ¶ 7, Docket No. 26.)

National Grid hired Defendant in April 2010 to collect the outstanding balance owed on the Thomas account. Between April 29, 2010 and January 28, 2011, Defendant utilized an automated dialing system to contact Plaintiff's cell phone 72 times. (Def's St. of Undisputed Facts ¶ 9; Pl's Resp. to Def's Facts ¶ 9.) Each call consisted of the following recording:

> Message is for Joan Thomas. If you are not Joan Thomas, please disconnect this call. By continuing to listen to this message you acknowledge that you are Joan Thomas. This is (unintelligible) at Mercantile Adjustment Bureau. Please contact me about an important personal business matter at 800-466-5059. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(Nigro Decl. ¶ 12.) Plaintiff never called Defendant or sent a written request to stop the calls to his cell phone number. He instead commenced the present action in December 2010, alleging that Defendant (1) violated the FDCPA by intentionally harassing Plaintiff by causing his cell phone to repeatedly ring; and (2) violated the TCPA by using an automated telephone dialing system and recorded voice to contact Plaintiff's cell phone

2

without his consent.

### III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (*quoting* Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003). Further, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir.2003).

**A.    FDCPA Claim**

The FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). As Defendant notes, "[a]ny call from a debt collector may be presumed to be

unwelcome, but that alone is insufficient to constitute a violation of the FDCPA." Martin v. Select Portfolio Serving Holding Corp., No. 1:05-cv-273, 2008 WL 618788, *6 (S.D.Ohio Mar. 3, 2008). "To prevail under § 1692d, the [plaintiff] must show not only that the contents of the calls were harassing, abusive, or misleading, but must also establish the callers' intent." Id. (citing Juras v. Aman Collection Serv., Inc., 829 F.2d 739, 741(9th Cir. 1987), *cert. denied*, 488 U.S. 875 (1988)); Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008).

Courts generally consider the volume and pattern of calls in determining whether there was an intent to annoy or harass. Hinderliter v. Diverisified Consultants, Inc., No. 6:10-CV-1314, 2012 WL 3888148, *2 (N.D.N.Y. Sept. 7, 2012); Chavious v. CBE Group, Inc., No. 10-CV-1293, 2012 WL 113509, *2 (E.D.N.Y. Jan. 13, 2012); Carman v. CBE Group, Inc., 782 F. Supp. 2d 1223, 1229 (D. Kan. 2011). Specifically, "[c]ourts have awarded defendants summary judgment where the volume and pattern of calls demonstrates an intent to contact debtors rather than an intent to annoy, abuse, or harass them." Chavious, 2012 WL 113509, *2. These judgments are often based on:

> undisputed evidence of factors such as the following: the plaintiff did not answer most or all of the defendant's telephone calls; the plaintiff did not ask the defendant to stop calling; the defendant did not make numerous calls in a single day; the defendant did not call third parties such as the plaintiff's employer; the defendant did not immediately call back if a plaintiff hung up the telephone; and the defendant did not otherwise engage in egregious conduct.

Hinderliter, 2012 WL 3888148, *2 (collecting cases).

Defendant correctly asserts that, under the circumstances of this case, the 72 phone calls in a nine-month period are insufficient as a matter of law to establish a violation of § 1692d(5). Even a high call volume will be insufficient to raise a triable issue of fact with

respect to this provision where, as here, there is an absence of some indicia of egregious conduct. Carman, 782 F. Supp. 2d at 1232 (over 140 calls in two month period insufficient to establish violation where record lacked any evidence of egregious conduct); See Chavious, 2012 WL 113509, *2 (defendant entitled to summary judgment where 36 calls in less than two months were made at reasonable times and not immediately following another); Lynch v. Nelson Watson & Assocs., LLC, No. 10-2025-EFM, 2011 WL 2472588, *2 (D. Kan. June 21, 2011)(56 calls in three month period, without more, insufficient to establish violation).

In opposition, Plaintiff relies on this Court's decision in Moltz v. Firstsource Advantage, LLC. No. 08-CV-239S, 2011 WL 3360010, *3 (W.D.N.Y. Aug. 3, 2011). In Moltz, the defendant was denied summary judgment because there was evidence that the plaintiff was called 25 times after he verbally requested the calls stop, including recalling plaintiff two minutes after the request was made. Id. at *3. In contrast, here Plaintiff admits that he never told Defendant to stop calling him or spoke with anyone from Defendant's company. (Def's St. of Undisputed Facts ¶¶ 11-12; Pl's Resp. to Def's Facts ¶¶ 11-12.) Further, multiple phone calls were made on only eight days, they occurred only when there was no answer on the first call or calls, and calls ceased for the day once voicemail was reached and a message could be left. (See Aff. of Justin H. Homes, Esq., Ex C (Call Records).) All calls occurred between 8 a.m. and 9 p.m. (Id.) Further, Plaintiff agreed at his deposition that the language of the message, stated above, was not abusive. (Pl's Dep. at 11-12, Ex A to Homes Aff., Ex A to Pl's Appx.) Thus, "[a]lthough [P]laintiff testified as to [his] distress and annoyance as a result of [Defendant's] calls, [his] opinion regarding whether the calls were harassing is no evidence of [Defendant's] intent. Instead, the

evidence suggests an intent by [Defendant] to establish contact with [P]laintiff, rather than an intent to harass." Carman, 782 F. Supp. 2d at 1232.

**B.     TCPA Claim**

Plaintiff's second cause of action is that Defendant violated the TCPA by using an autodialer to deliver messages with an artificial or prerecorded voice to Plaintiff's cell phone in violation of 47 U.S.C. § 227 (b)(1)(A)(iii). This subsection prohibits the making of a:

> call (other than a call made for emergency purposes or made with *the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

Id. (emphasis added).

Defendant contends that it is entitled to summary judgment on this claim because, by "voluntarily" giving his cell phone number to National Grid, Plaintiff expressly consented to receiving future communications regarding Thomas' National Grid account on that phone. (Def's Mem of Law at 7-10.) Defendant's success on this argument depends on what constitutes effective "prior express consent" for the purpose of the TCPA. See Bates v. I.C. Sys., No. 09-CV-103A, 2009 WL 3459740, *2 (W.D.N.Y. Oct. 19, 2009) (citing In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564-65 (Jan. 4, 2008) (burden is on defendant to establish prior express consent exists)).

The Federal Communications Commission ("FCC") has ruled that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary," and therefore a party does not violate the TCPA "by calling a number which was provided as

6

one at which the called party wishes to be reached." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C.R. 8752, 8769 (Oct. 16, 1992); see generally 18 U.S.C. § 2342 (1) (court of appeals has exclusive jurisdiction to review final orders of the FCC); Leckler v. Cashcall, Inc., No. C 07-04002, 2008 WL 5000528, *3 (N.D.Cal. Nov. 21, 2008) (FCC declaratory ruling is a final order for the purpose of § 2342, one that defines legal rights and obligations). The FCC later stated in another ruling released in January 2008 "that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party." 23 F.C.C.R. at 564;.

Plaintiff does not dispute Defendant's assertion that he provided his cell phone number to National Grid in September 2008, or that National Grid provided this number to Defendant. (Pl's Aff ¶ 6; Def's St. of Undisputed Facts ¶ 8; Pl's Resp. to Def's Facts ¶ 8.) See 7 F.C.C.R. at 2738 (debt collector becomes a party to the relationship between creditor and called party, rendering a separate exemption for debt collection calls unnecessary). He asserts, however, that he "was required to give a telephone number for the purpose of disconnecting service," and that he "understood that to mean that [his] number was needed only in order to get in touch with [him] if there were any problems associated with this shut-off." (Pl's Aff ¶ 6.)  Accordingly, he argues that he gave only limited consent for the use of his cell phone number because it was required to effect the disconnection.  (Pl's Mem of Law at 3, Docket No. 26.)

Plaintiff's argument that National Grid put an express limitation on the potential use of Plaintiff's number is undermined by his own deposition testimony.  Plaintiff testified that he expected possible further contact from the company, as he was unsure if Thomas had

an outstanding balance or a surplus on her account, and he noted only that he did "[n]ot necessarily" expect that contact to be by phone. (Pl's Dep at 41-44, 65-67.) In light of this, Plaintiff's provision of his cell phone number to National Grid was an "invitation or permission to be called at the number which [he had] given, absent instructions to the contrary." 7 F.C.C.R. at 8769.

Plaintiff's further argument that summary judgment must be denied because he is not a consumer and Defendant is not a creditor is also without merit. Plaintiff highlights the language in the 2008 FCC ruling "that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." 23 F.C.C.R. at 564-65. That ruling was in response to a petition seeking a *categorical* exemption for creditors' autodialed or prerecorded calls to consumers; therefore the discussion dealt with parties who had a consumer-creditor relationship. 23 F.C.C.R. at 563. There is no indication that the FCC intended this ruling to limit the application of the prior express consent exemption to only those parties with a consumer-creditor relationship. Such a conclusion would run afoul of the plain language of the TCPA which, as Defendant correctly asserts, exempts any call to a cellular telephone service "made with the prior express consent of *the called party*," regardless of status. 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

Finally, Plaintiff argues that there is no exemption here because Plaintiff did not give his cell phone number "during the transaction that resulted in the debt owed." 23 F.C.C.R. at 564-65. Ignoring the apparent conflict between this argument and Plaintiff's previous assertion that this 2008 FCC ruling is inapplicable to the present case, this argument is also without merit. Plaintiff gave his number in connection with the account's termination,

and, by his own admission, he was aware at that time of the possibility that there might be a surplus or debt on Thomas' account that would need to be addressed as part of the termination process. (Pl's Dep at 44.) Accordingly, Plaintiff consented to calls regarding the subject of the transaction, namely the termination of Thomas' account.

## IV. CONCLUSION

Defendant has established its entitlement to summary judgment on Plaintiff's FDCPA and TCPA claims. The motion is therefore granted and the complaint dismissed.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's motion for summary judgment (Docket No. 24) is GRANTED and the Complaint is dismissed;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: March 11, 2013
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                    Chief Judge
                                        United States District Judge